## HENRY A. LYONS *v.* J. LALLANDE.

The mere fact, or circumstance of a commission merchant having made advances to a planter, on which the usual commissions and interest are charged, is clearly insufficient to authorize a charge of commission on such portions of the planter's crop as may be consigned to other factors, in the absence of any agreement to that effect.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *Elmore & King*, for plaintiff. *Janin*, for defendant and appellant.

VOORHIES, J. (OGDEN, J., absent, and SLIDELL, C. J., dissenting.) This suit is instituted by the plaintiff as administrator of the estate of Mrs. *G. B. Lyons*, his deceased wife, by whom the defendant was employed as a factor and commission merchant in the city of New Orleans.

The defendant avers in his answer, that about the end of February or begining of March, 1850, he made an agreement with the deceased, whereby he was to be her commission merchant, and, as such, to assist her in procuring a loan of $10,000, advance to her the supplies necessary for her plantations, attend to her private affairs in this city, sell her crops, and generally render to her the services which are usually rendered by factors and commission merchants in this city, to planters residing in the country; that in consideration thereof, she was to consign to him all the crops of that year's growth, on her two plantations in the parish of West Feliciana, and on that in the parish of Iberville, belonging to her husband, then absent from the State, and of whom she was the agent and attorney in fact. That he exerted himself and procured her a loan of $10,000, on very advantageous terms; attended to and executed promptly the orders received from her for the said plantations, or relating to her private business and personal property in this city; sold to the best advantage sixty-seven bales of cotton of her crops, consigned to him from her platations, and paid over to her on the 4th of January, 1851, the sum of $2600. He further avers, that she violated her contract by consigning the greater part of her crops to other commission merchants in this city, and that, by the usual course of dealing between planters and commission merchants, he is entitled to recover a commission of two and a half per cent. on the gross amount of the crops thus consigned. That by two letters, dated the 3d and 4th of January, 1851, he communicated to her the state of his account with her, with the exception of commissions, and declared to her that he had $2500 at her disposal, but could not make out her account current until he knew what disposition she had made of her crops, on which he was entitled to a commission; and by the same letters he informed her, that exclusive of commissions, she had in his hands a balance of $2401 36, and thirteen bales of cotton unsold, which were afterwards sold and yielded the sum of $739 03. That exclusive of said commissions, there would be a balance against him in her favor for the sum of $580 94. That with the commissions to which he is thus entitled, and the interest on his advances, a final account would show a balance of $200 in his favor against her, for which he prays judgment in reconvention.

We are of opinion, from a careful examination of the evidence disclosed by the record, that the defendant has entirely failed to establish the alleged agree-

ment. ( The mere fact or circumstance of a commission merchant's having made advances to a planter, on which the usual commissions and interest are charged, in the absence of any agreement to that effect, is clearly insufficient, in our opinion, to authorize a charge of commission on such portions of his crops as may be consigned to other factors. ) The law gives a privilege to the the commission merchant, in certain specified cases, on the crops of the planter, to secure the reimbursement of his advances; but we are not aware that the law creates a ny obligation on the part of the planter to pay him commissions on his crops consigned to other factors.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

SPOFFORD, J. I concur in the decree affirming the judgment, because I do not think it can be fairly inferred from the evidence, that Mrs. *Lyons* was under a legal obligation to consign all her crops of the year 1850, to the house of *Lallande.*

Mr. Justice BUCHANAN, concurs in this opinion.